UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ALEXANDRA CELESTE E.,

                     Plaintiff,        DECISION AND ORDER
                                                    1:24-CV-03856-GRJ

      v.

ACTING COMMISSIONER OF
SOCIAL SECURITY,

                     Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In November of 2020, Plaintiff Alexandra Celeste E.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, now represented by Akerman LLP, Keith Evan Blackman, Esq. and Samuel Polsky Vitello, of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).[2] The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 14).

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Plaintiff filed this case *pro se*, but later obtained counsel. (Docket No. 18 & 19).

1

This case was referred to the undersigned on April 21, 2025. For the reasons set forth below, this case is due to be dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on November 18, 2020, alleging disability beginning March 1, 2020. (T at 60-61).[3] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 12, 2022, before ALJ John Costello. (T at 28-51). Plaintiff appeared *pro se*, was advised of her right to representation (T at 30-31), but chose to proceed and testified. (T at 32-48). The ALJ also received testimony from Zachary Fosberg, a vocational expert. (T at 48-50).

### B. ALJ's Decision

On August 23, 2022, the ALJ issued a decision denying the application for benefits. (T at 6-27). The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2022 (the date last insured) and did not engage in substantial gainful

---

[3] Citations to "T" refer to the administrative record transcript at Docket No. 8.

activity between March 1, 2020 (the alleged onset date) and the date last insured. (T at 11).

The ALJ concluded that, as of the date last insured, Plaintiff's epilepsy/seizures was/were a severe impairment as defined under the Act. (T at 13). However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 16).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, provided she was not required to work at heights, around heavy or moving machinery, and/or at a job that required driving. (T at 17).

The ALJ found that Plaintiff had no past relevant work. (T at 22).

Considering Plaintiff's age (28 on the date last insured), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that, as of the date last insured, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (T at 22).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between March 1, 2020 (the alleged onset date) and June 30, 2022 (the date last insured). (T at 21-22).

    C.    *Request for Review*

On March 2, 2023, Plaintiff filed a request for review with the Social Security Appeals Council. (T at 56-58). On January 24, 2024, the Appeals Council sent Plaintiff a notice advising that her request for review had been filed untimely and requesting that she provide a statement of good cause to excuse the late filing. (T at 52-53). Plaintiff did not respond, and the Appeals Council dismissed her request for review as untimely on March 14, 2024. (T at 1-5).

    D    *Procedural History*

Plaintiff commenced this action, *pro se*, by filing a Complaint on March 13, 2024. (Docket No. 1). The Commissioner filed a brief in support of a request for judgment on the pleadings and dismissal of this action on November 1, 2024. (Docket No. 17). Plaintiff obtained pro bono counsel on November 20, 2024. (Docket No. 18 & 19). On January 6, 2025, counsel filed a memorandum of law in support of Plaintiff's request for review of the Commissioner's denial of benefits. (Docket No. 22).

The Honorable Stewart D. Aaron, United States Magistrate Judge, issued an Order on January 31, 2025, directing Plaintiff to submit a sworn

4

statement in support of her argument that the Appeals Council should have excused the late filing of her request for review. (Docket No. 26).

Plaintiff submitted a declaration, with accompanying exhibits and a letter from her counsel, on April 7, 2025. (Docket No. 29). The Commissioner interposed a response to Plaintiff's supplemental submission on April 16, 2025. (Docket No. 30).

## II.   DISCUSSION

A claimant has sixty (60) days to request that the Social Security Appeals Council review an ALJ's decision denying Social Security benefits. *See* 20 C.F.R. §§ 404.968(a)(1), 416.1468; *see also Coe v. Saul*, No. 19-CV-10993, 2020 WL 6729169, at *4 (S.D.N.Y. Nov. 16, 2020) ("A request to the Appeals Council to review an ALJ's decision must generally be filed within [sixty] days from the date of the notice of the ALJ's dismissal." (citing 20 C.F.R. §§ 404.968(a), 416.1468(a))).

Notice is presumed received by the claimant five days after the date of the decision. 20 C.F.R. §§ 404.901 ("Date you receive notice means [five] days after the date on the notice, unless you show us that you did not receive it within the [five]-day period."), 416.1401 (same); *see also Jacqueline E. v. Saul*, No. 17-CV-414, 2020 WL 1234949, at *4 (W.D.N.Y. Mar. 13, 2020) ("A claimant is deemed to have received notice of the ALJ's

decision five days after the date on the notice unless the claimant can establish that she did not receive it within the five-day period."); *Shari L. v. Saul*, No. 19-CV-851, 2020 WL 3971510, at *1 (N.D.N.Y. July 14, 2020).

In the present case, the ALJ issued a decision denying Plaintiff's application for benefits on August 23, 2022. (T at 6-27). Thus, Plaintiff's deadline to seek review by the Appeals Council was October 27, 2022 (65 days later). Plaintiff requested review on May 2, 2023 (T at 56-57) – six months and five days after the deadline.

Plaintiff does not allege lack of notice but argues that the Appeals Council should have excused her late filing for good cause.

The Appeals Council has the discretion to dismiss an untimely request for review, 20 CFR §§ 404.971, 416.1471, or extend the time for good cause shown, 20 CFR §§ 404.968(b) ("[i]f [a claimant] show[s] that [he] had good cause for missing the deadline, the time period will be extended"), 416.1468(b) (same); *see also McIntosh v. Comm'r of Soc. Sec.,* No. 19-CV-5362 (MKB), 2021 WL 826252, at *3 (E.D.N.Y. Mar. 4, 2021).

To determine whether good cause exists, the Appeals Council "use[s] the standards explained in [20 C.F.R.] § 404.911" and 20 CFR § 404.968(b), which includes consideration of "[w]hat circumstances kept [the

plaintiff] from making the request on time" and "[w]hether [the Commissioner's] action misled [the plaintiff]." 20 C.F.R. § 404.911(a).

"Examples of circumstances where good cause may exist include, but are not limited to, ... [i]mportant records were destroyed or damaged by fire or other accidental cause." 20 C.F.R. §§ 404.911(b)(3); 416.1411(b)(3); *see also Jacqueline E.,* 2020 WL 1234949, at *4.

The Court reviews the Appeals Council's decision to dismiss Plaintiff's untimely request for review for abuse of discretion. *See Smith v. Berryhill*, 587 U.S. 471, 487 n. 19, 139 S. Ct. 1765, 1779, 204 L. Ed. 2d 62 (2019).

The Court concludes that the Appeals Council did not abuse its discretion.  Here's why.

First, Plaintiff's request for review does not contain any excuse for its tardiness. (T at 56-57).  Indeed, even construing the language in the request broadly because of Plaintiff's *pro se* status at the time, Plaintiff says that she reached the conclusion that the denial of benefits was (in her view) based on an incomplete and incorrect medical record "[w]hen [she] received rejection,]" *i.e.,* when she received the ALJ's decision.  This undermines any claim that she was unable to file a timely request and/or that she was unaware of her need to do so.

Second, as noted above, Plaintiff does not allege any notice issues, either with respect to the ALJ's decision or with the Appeals Council's good cause request.

Moreover, the enclosure letter accompanying the ALJ's decision specifically referenced the 60-day deadline to appeal (in bold type face) and warned that dismissal of the appeal was possible if a request for review was not filed within the applicable timeframe. (T at 6-7).

Likewise, the Appeals Council's good cause request, dated January 24, 2024, gave Plaintiff thirty days to provide evidence establishing good cause for her failure to meet the appeal deadline and advised that dismissal of her request was a possible outcome if she failed to establish good cause. (T at 53-54). Notably, Plaintiff did not respond to this request.

Third, the excuses and evidence Plaintiff has offered here are insufficient to establish an abuse of discretion by the Appeals Council. In support of reasons for her delay Plaintiff references medical appointments in November and December of 2022, and throughout 2023 and 2024, and documents efforts to obtain additional medical reports from her treating health care providers during 2023 and 2024. (Docket No. 29-1, at p. 2-4).

The fundamental problem with Plaintiff's evidence of good cause is that none of the evidence is relevant to her effort to request review of the

ALJ's decision on or before October 27, 2022, the deadline for seeking such review. Simply put, the newly submitted medical records do not show that Plaintiff was diligently seeking records prior to October 27, 2022, the date by which she had to file her request for review of the ALJ's decision with the Appeals Council.  Likewise, Plaintiff offers no excuse for her failure to respond to the Commissioner's good cause request.

For these reasons, the Court concludes that the Appeals Council did not abuse its discretion in dismissing Plaintiff's untimely request for review and this case must therefore be dismissed. *See Jacqueline E.*, No. 2020 WL 1234949, at *5 ("As '[i]t [is the claimant's] burden to show good cause,' 'the court can find no abuse of discretion[ ]' where Plaintiff failed to present 'any retrospective ... documentation regarding' her untimely filing….")(quoting *Bowen v. Comm'r of Soc. Sec.*, No. 5:15-CV-00117, 2015 WL 7281610, at *6 (D. Vt. Nov. 16, 2015)); *Binckes v. Comm'r of Soc. Sec.*, No. 20-CV-635 (AMD), 2021 WL 1026568, at *3 (E.D.N.Y. Mar. 16, 2021)("In any event, the plaintiff's claims do not establish good cause because they are not supported by corroborating evidence."); *see also Shari L. v. Saul*, No. 1:19-CV-851 (ATB), 2020 WL 3971510, at *4 (N.D.N.Y. July 14, 2020).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Request for Review of a Social Security Decision under 42 U.S.C. § 405(g) is DENIED; the Commissioner's Request to Affirm the Appeal Council's Dismissal for Untimeliness is GRANTED; and this case is DISMISSED.

Dated: May 13, 2025                 *s/ Gary R. Jones*
                                    GARY R. JONES
                                    United States Magistrate Judge